**TO: Clerk's Office**
   **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF NEW YORK**



_____

   **APPLICATION FOR LEAVE**
   **TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A) If pursuant to a prior Court Order**:
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

_____
Docket Number

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ____
Name:_____
Firm Name:_____
Address:_____
_____
Phone Number:_____
E-Mail Address:_____

_____
_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

INDICATE UPON THE PUBLIC DOCKET SHEET: YES_____ NO_____

**If yes, state description of document to be entered on docket sheet:**

DATED:_____, NEW YORK

_____ 4/9/21
   _Lois Bloom_

_____

**U.S. MAGISTRATE JUDGE**

_____

RECEIVED IN CLERK'S OFFICE_____
                                                                DATE

**MANDATORY CERTIFICATION OF SERVICE**:
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ____This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

_____        /s/ Laura Zuckerwise
                                     _____
   DATE                                 SIGNATURE

PTH:LZ
F.#2021R000342

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TWO WIRELESS TELEPHONES, CURRENTLY LOCATED IN THE EASTERN DISTRICT OF NEW YORK | **To Be Filed Under Seal**<br><br>APPLICATION FOR A SEARCH WARRANT FOR ELECTRONIC DEVICES<br><br>Case No. 21 MJ 450 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, RAYMOND FRATTOLILLO, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—two electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to Border Enforcement Security Task Force ("BEST") Team 1, and I have been employed by HSI since approximately January 2019.  As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.  I have received training and participated in investigations regarding, among other things, the trafficking and importation of

narcotics and unlawful drug trafficking, and have gained knowledge and expertise in the collection and identification of drug evidence.  I have participated in multiple investigations with HSI, and have participated in the execution of search warrants involving electronic evidence of the type requested here.

3.      This affidavit is based on my personal knowledge, my review of documents and other evidence, my conversations with other law enforcement personnel, and my training, experience, and advice received concerning the use of electronic devices in criminal activity and the forensic analysis of electronically stored information ("ESI").  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4.      The property to be searched are the following two devices:

   a.  "Device A":  A blue Samsung Galaxy A31 wireless telephone, which can be identified by its IMEI number in slot 1: **355395115979697**; its IMEI number in slot 2: **355396115979695**; and its serial number:  **RF8NC1AX3CD**.  This device is currently in my possession within the Eastern District of New York.

   b.  "Device B":  A white iPhone wireless telephone, which can be identified by its IMEI number: **359128075800942**; and its serial number: **C39SC5J3HFXY**.  This device is currently in my possession within the Eastern District of New York.

2

5.      The applied-for warrant would authorize the forensic examination of Device A and Device B (together, the "Devices") for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

6.      As described in more detail below, on March 30, 2021, the defendant Deanne Leacock was arrested at John F. Kennedy International Airport ("JFK"), while wearing a bodysuit that concealed a brick of a substance containing cocaine weighing approximately 1,093 grams.  Based on the below, there is probable cause to believe the defendant violated Title 21, United States Code, Sections 952(a) and 960(a)(1) (the "Subject Crimes") and that there is evidence of the Subject Crimes on the Devices.  I have been informed by officers from the United States Customs and Border Patrol ("CBP") of the following facts.

7.      On or about March 30, 2021, the defendant arrived at Terminal 5 in John F. Kennedy International Airport ("JFK") in Queens, New York aboard Jetblue flight B6662 from Barbados.  The defendant had one piece of carry-on luggage with her.

8.      As the defendant passed through Immigration and Customs, officers from United States Customs and Border Patrol ("CBP") referred the defendant for an enforcement examination.  When CBP officers asked about the defendant's travel plans, the defendant stated that she had come to New York to go shopping.  The defendant could not provide any specifics on where she was going to go to shopping and stated that she only had five hundred (500) dollars with her, but an unspecified person was going to send her more money.

9.      Based on the defendant's incomplete and inconsistent answers, the defendant was referred to a female CBP officer for a pat down.  During the pat down, the CBP officer discovered a hard object on the right front side of the defendant's stomach area.  The CBP officer asked the defendant what the object was and the defendant stated in sum and substance that she did not know but someone gave it to her.  The CBP officer asked the defendant if she could safely remove the object from her person and the defendant gave the CBP officer permission to remove it.  The CBP officer removed a black brick from the defendant's person.  The brick was sticking out from inside a black bodysuit that the defendant was wearing.

10.     A CBP officer probed the brick and a white powdery substance came out.  The substance in the brick subsequently field-tested positive for cocaine, and, in total, it weighed approximately 1,093 grams.  CBP then arrested the defendant and the Devices were seized incident to arrest.

11.     My partner and I then responded.  The defendant gave us oral and written permission to search the Devices.  We immediately put both Devices in "airplane mode" to ensure they could not be tampered with remotely.  We conducted a superficial search of the Devices.  On Device B, we found a text message to the defendant containing the address of a location in New Jersey.  The defendant told us that she was supposed to reply to the text when she arrived at the location, or contact a different individual through the Snapchat application on her phone, to get further instructions related to the controlled substances she was carrying.

12.     Based on my training and experience, I know that narcotics couriers often communicate with co-conspirators by phone, including through voice and messaging applications.  Additionally, the defendant informed us that she communicated with co-

conspirators using text and messaging applications.  Accordingly, there is probable cause to believe that there is evidence of the Subject Crimes on the Devices.

13.     The Devices are currently in the lawful possession of HSI.  They came into HSI's possession when they were seized incident to arrest, as set forth in detail above, and the defendant provided oral consent and written consent for agents to search the Devices.  Therefore, while HSI might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that a forensic examination of the Devices will comply with the Fourth Amendment and other applicable laws.

14.     The Devices are currently in my possession within the Eastern District of New York.  In my training and experience, I know that they have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when they first came into the possession of HSI.

## TECHNICAL TERMS

15.     Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and

from the phone.  In addition to enabling voice communications, wireless

telephones offer a broad range of capabilities.  These capabilities include: storing

names and phone numbers in electronic "address books;" sending, receiving, and

storing text messages and e-mail; taking, sending, receiving, and storing still

photographs and moving video; storing and playing back audio files; storing

dates, appointments, and other information on personal calendars; and accessing

and downloading information from the Internet.  Wireless telephones may also

include global positioning system ("GPS") technology for determining the

location of the device.

16.     Based on my training, experience, and research, I know that the Devices have

capabilities that allow them to serve as wireless telephones.  In my training and experience,

examining data stored on devices of this type can uncover, among other things, evidence that

reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17.     Based on my knowledge, training, and experience, I know that electronic devices

can store information for long periods of time.  Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device.  This information can

sometimes be recovered with forensics tools.

18.     *Forensic evidence.*  As further described in Attachment B, this application seeks

permission to locate not only electronically stored information that might serve as direct

evidence of the crimes described on the warrant, but also forensic evidence that establishes how

the Device was used, the purpose of its use, who used it, and when.  There is probable cause to

believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the

storage medium but has since been deleted or edited, or of a deleted portion of a

file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the

device.  This "user attribution" evidence is analogous to the search for "indicia of

occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may,

after examining this forensic evidence in its proper context, be able to draw

conclusions about how electronic devices were used, the purpose of their use, who

used them, and when.

d. The process of identifying the exact electronically stored information on a storage

medium that are necessary to draw an accurate conclusion is a dynamic process.

Electronic evidence is not always data that can be merely reviewed by a review

team and passed along to investigators.  Whether data stored on a computer is

evidence may depend on other information stored on the computer and the

application of knowledge about how a computer behaves.  Therefore, contextual

information necessary to understand other evidence also falls within the scope of

the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who

used it, and when, sometimes it is necessary to establish that a particular thing is

not present on a storage medium.

19.   *Nature of examination.*  Based on the foregoing, and consistent with Rule

41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices

consistent with the warrant.  The examination may require authorities to employ techniques,

including but not limited to computer-assisted scans of the entire medium, that might expose

many parts of the device to human inspection in order to determine whether it is evidence

described by the warrant.

20.   *Manner of execution.*  Because this warrant seeks only permission to examine

devices already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the

Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.   I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Devices described in Attachment A to seek the items

described in Attachment B.

## REQUEST FOR SEALING

22.   It is respectfully requested that this Court issue a limited order sealing, until

further order of the Court, all papers submitted in support of this application, including the

application and search warrant, but allowing the government to disclose the application and

warrant to the defendant charged in <u>United States v. Deanne Leacock,</u> Docket No. 21-MJ-386.  I

believe that sealing this document is necessary because the warrant is relevant to an ongoing

investigation relating to a criminal organization.  Based upon my training and experience, I have

learned that, online criminals actively search for criminal affidavits and search warrants via the

internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them

publicly online through the carding forums.  Premature disclosure of the contents of this affidavit

and related documents may have a significant and negative impact on the continuing

investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

RAYMOND J FRATTOLILLO JR
Digitally signed by RAYMOND J FRATTOLILLO JR
Date: 2021.04.09 12:30:41 -04'00'

Raymond Frattolillo
Special Agent
Department of Homeland Security, Homeland
Security Investigations

Subscribed and sworn to before me by
telephone on April 9     , 2021

*Lois Bloom*

HON. LOIS BLOOM
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

9

## ATTACHMENT A

The property to be searched are the following two devices:

a. "Device A":  A blue Samsung Galaxy A31 wireless telephone, which can be identified by its IMEI number in slot 1: **355395115979697**; its IMEI number in slot 2: **355396115979695**; and its serial number:  **RF8NC1AX3CD**.  This device is currently in my possession within the Eastern District of New York.

b. "Device B":  A white iPhone wireless telephone, which can be identified by its IMEI number: **359128075800942**; and its serial number: **C39SC5J3HFXY**.  This device is currently in my possession within the Eastern District of New York.

.

**ATTACHMENT B**

1.      All information or records on the Devices described in Attachment A that relate to

violations of Title 21, United States Code, Sections 952(a) and 960(a)(1) and involve

LEACOCK, including:

  a.  Lists of co-conspirators and related identifying information;

  b.  types, amounts, and prices of drugs trafficked as well as dates, places, and
      amounts of specific transactions;

  c.  any information related to sources of drugs (including names, addresses, phone
      numbers, or any other identifying information);

  d.  any information recording LEALOCK's schedule or travel from February 28,
      2021, to the present;

  e.  all bank records, checks, credit card bills, account information, and other financial
      records;

  f.  evidence of user attribution showing who used or owned the Devices at the time
      time the things described in this warrant were created, edited, or deleted, such as
      logs, phonebooks, saved usernames and passwords, documents, and browsing
      history;

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ *(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❐ in the daytime 6:00 a.m. to 10:00 p.m.       ❐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❐ for _____ days *(not to exceed 30)*   ❐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____       *Lois Bloom*
                                                                                          *Judge's signature*

City and state: _____       _____
                                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_Executing officer's signature_

_Printed name and title_

## ATTACHMENT A

The property to be searched are the following two devices:

a. "Device A": A blue Samsung Galaxy A31 wireless telephone, which can be identified by its IMEI number in slot 1: **355395115979697**; its IMEI number in slot 2: **355396115979695**; and its serial number: **RF8NC1AX3CD**. This device is currently in my possession within the Eastern District of New York.

b. "Device B": A white iPhone wireless telephone, which can be identified by its IMEI number: **359128075800942**; and its serial number: **C39SC5J3HFXY**. This device is currently in my possession within the Eastern District of New York.

.

**ATTACHMENT B**

1.      All information or records on the Devices described in Attachment A that relate to violations of Title 21, United States Code, Sections 952(a) and 960(a)(1) and involve LEACOCK, including:

   a.  Lists of co-conspirators and related identifying information;

   b.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d.  any information recording LEACOCK's schedule or travel from February 28, 2021, to the present;

   e.  all bank records, checks, credit card bills, account information, and other financial records;

   f.  evidence of user attribution showing who used or owned the Devices at the time time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.